**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loren Balthazor, a married man, | No. CV-09-2581-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Union Pacific Railroad Company, a foreign corporation, | |
| Defendant. | |

Loren Balthazor commenced this action in December 2009 by filing a pro se complaint against his former employer, Union Pacific Railroad Company. Dkt. #1. On May 24, 2010, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and an alternative motion for a more definite statement pursuant to Rule 12(e). Dkt. #6. Plaintiff has filed no response, and the time for doing so has expired. *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(d).

Plaintiff shall have until **August 6, 2010** to file either an amended complaint or a response to Defendant's motions (Dkt. #6). If Plaintiff files an amended complaint by the August 6 deadline, Defendant's motions will be denied as moot and Plaintiff need not file a response to the motions.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (the Court's "Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other

litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

Rule 7.2 of the Local Rules of Civil Procedure provides that a pro se litigant's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Plaintiff is advised that if he does not file either an amended complaint or a response to Defendant's motion to dismiss (Dkt. #6) by the **August 6, 2010** deadline, the Court will summarily grant Defendant's motion and dismiss the complaint.

For purposes of an amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete numbered paragraphs. Each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff must set forth each discrete legal claim for relief in a separate count (i.e., count one, count two, etc.).

The amended complaint must give Defendant fair notice of Plaintiff's claim and must plead "enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff is warned that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff shall have until **August 6, 2010** to file either an amended complaint or a response to Defendant's motion to dismiss and alternative motion for a more definite statement (Dkt. #6). If Plaintiff files an amended complaint by the August 6 deadline, Defendant's motions will be denied as moot and Plaintiff need not file a response to the motions.

2. Plaintiff is warned that the Court will summarily grant the motion to dismiss (Dkt. #6) if Plaintiff fails to comply with this order.

3. The Clerk is directed to mail a copy of Defendant's motions (Dkt. #6) to Plaintiff.

DATED this 14th day of July, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge