**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Loren Balthazor, a married man, | ) | No. CV-09-2581-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Union Pacific Railroad Company, a foreign corporation, | ) | |
| Defendant. | ) | |

Loren Balthazor commenced this action in December 2009 by filing a pro se complaint against his former employer, Union Pacific Railroad Company. Doc. 1. On May 24, 2010, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 6. In an order dated July 14, 2010, the Court gave Plaintiff until August 6, 2010 to file either an amended complaint or a response to the motion to dismiss. Doc. 7. Plaintiff has failed to meet that deadline. For reasons stated below, the Court will dismiss this action without prejudice.

The Court advised Plaintiff that even though he is proceeding pro se, he is still required to follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. Doc. 7 at 1-2. Plaintiff was provided information as to where he could obtain copies of the rules and how to file a complaint that satisfies the pleading requirements of Rule 8. *Id.* at 2-3. The Court explicitly warned Plaintiff that if he did not file either an amended complaint or a response to the motion to dismiss by the August 6, 2010 deadline, the Court would summarily grant the motion pursuant to Local Rule 7.2(i). *Id.* at 2. Plaintiff

was further warned that if he failed to prosecute this action, or if he failed to comply with the rules or any Court order, the Court may dismiss the action with prejudice. *Id.* at 3.

Before dismissing a case for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Valley Eng'rs, Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998).

The first two factors favor dismissal. Plaintiff filed this suit more than eight months ago. Doc. 1. He has had more than three months to file an amended complaint or otherwise respond to the motion to dismiss (Doc. 6), but has failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal. The risk of prejudice to Defendant also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh. Dismissal without prejudice is, however, an appropriate alternative sanction. The overall five-factor analysis favors dismissal. The Court, therefore, will dismiss this action without prejudice for Plaintiff's failure to prosecute, his failure to follow the rules, and his failure to comply with the Court's order (Doc. 7).

**IT IS ORDERED:**

1. This action is **dismissed** without prejudice.

2. The Clerk is directed to enter judgment accordingly.

DATED this 26th day of August, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge